USDC SDNY
DOCUMENT
ELECTRONICALLY F[ILED]
DOC #: _____
DATE FILED: 8/25/08

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------- x

JOHNSON & JOHNSON VISION CARE, INC.,

                Plaintiff,

            - against -

OCULAR INSIGHT, INC.,

                Defendant.

------------------------------------------------------- x

No. 08 CV 6755 (DC)

Order on Consent

      WHEREAS the Court has personal jurisdiction over the parties and has subject matter jurisdiction over this action pursuant to 15 U.S.C. § 1121 and 28 U.S.C. §§ 1331 and 1338, for the claims arising under Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a), and pursuant to 28 U.S.C. §§ 1332, 1338(b) and 1367, for the claims arising under New York statutory and common law, and venue is properly laid in this judicial district pursuant to 28 U.S.C. § 1391;

      WHEREAS defendant Ocular Insight, Inc. ("Ocular Insight") has agreed to discontinue certain advertising challenged in the complaint filed July 29, 2008 ("Complaint") by Johnson & Johnson Vision Case ("JJVC") in the above-captioned action; and

      WHEREAS Ocular Insight and JJVC have agreed to settle this action by entry of this Order on Consent;

      IT IS HEREBY STIPULATED, AGREED AND ORDERED:

      1. Subject to the provisions of Paragraph 6 of this Order on Consent, Ocular Insight and its officers, agents, servants, employees, representatives, subsidiaries and affiliates (collectively, "Ocular Insight"), are hereby permanently enjoined from stating or communicating, in its advertising or promotional materials or activities for its Clear58® contact lenses in the United States, any of the following claims: (i) that Clear58 is approved by the Food

& Drug Administration ("FDA"); (ii) that Clear58 is approved by the FDA as a generic equivalent lens to JJVC's ACUVUE® 2 contact lenses; (iii) that Clear58 is a generic equivalent lens to ACUVUE 2; and (iv) that Clear58 is an exact duplicate or is identical to ACUVUE 2.

2. Should Ocular Insight specifically refer to ACUVUE 2 in connection with any claim(s) also referencing (i) FDA clearance, (ii) FDA determination of "substantial equivalence," or (iii) an FDA 510(k) equivalent predicate device, Ocular Insight will include the following disclaimer in prominent type and in proximity to such claim(s): "The FDA did not make a determination that Clear58 performs the same as any other Etafilcon lens, including ACUVUE 2." Notwithstanding this provision, Ocular Insight shall be allowed to disseminate a true copy of the Pre-Market Notification for Clear58, submitted pursuant to Section 510(k) of the Federal Food, Drug, and Cosmetic Act.

3. Ocular Insight shall disseminate to all third parties to whom the Clear58 advertising that was the subject of this litigation was sent, including but not limited to all Eye Care Practitioners and distributors, and to all visitors to the Ocular Insight booth at the April 2008 International Vision Expo in New York City, a letter advising the following:

> We have since corrected our materials to eliminate the statement that Clear 58® is an "FDA approved generic equivalent" lens. Clear 58 is "cleared" by the FDA, not "approved." In addition, the FDA does not perform the function of assessing whether a contact lens may be prescribed as a "generic equivalent" lens.

4. Within thirty (30) days of the issuance of the letter provided for in Paragraph 3, in accordance with 15 U.S.C. § 1116, Ocular Insight shall file with the Court a certification representing that it has complied with Paragraph 3 of this Order on Consent.

5. This Order on Consent is the result of the parties' settlement and termination of all claims and existing controversies relating to this action.

6. Nothing in this Order on Consent shall be deemed to prohibit Ocular Insight from making the claims referred to in Paragraph 1, provided that, at the time any such claims are made, Ocular Insight possesses approval by the FDA to make such claims.

7. Any notice to the parties under this Order on Consent shall be sent by certified mail or overnight next day courier service, return receipt requested, as follows:

| JJVC | Ocular Insight |
|---|---|
| Harold P. Weinberger, Esq. | Allen G. Reiter, Esq. |
| Kramer Levin Naftalis & Frankel LLP | Arent Fox LLP |
| 1177 Avenue of the Americas | 1675 Broadway |
| New York, NY 10036 | New York, NY 10019 |

8. Without affecting the right of JJVC to seek enforcement for any alleged violation of this Order on Consent, all claims that were asserted by JJVC in the Complaint are hereby dismissed with prejudice and without attorneys' fees or costs to any party.

3

9. Without affecting the finality of this Order on Consent, the Court retains jurisdiction over this action and the parties hereto for the purpose of enforcement of this Consent Order.

Dated: August 15, 2008
New York, New York

KRAMER LEVIN NAFTALIS
& FRANKEL LLP

By _____
Harold P. Weinberger, Esq.

Kramer Levin Naftalis & Frankel LLP
1177 Avenue of the Americas
New York, NY 10036
(212) 715-9100

*Attorneys for Plaintiff Johnson & Johnson Vision Care, Inc.*

ARENT FOX LLP

By _____
Allen G. Reiter

Arent Fox LLP
1675 Broadway
New York, NY 10019
(212) 484-3900

*Attorneys for Defendant Ocular Insight, Inc.*

SO ORDERED:

_____
The Honorable Denny Chin
United States District Judge

8/25/08

397268.1

The Clerk of the Court shall close this case.

SO ORDERED.

_____
USDJ
8/25/08